IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KRISTEN KAY MARTIN, | |
| Plaintiff, | |
| v. | Case No. 23-cv-1881-NJR |
| MADISON COUNTY JAIL, DEPUTY BUTLER, SERGEANT BARDELMEIER, DEPUTY THARP, DEPUTY MILLER, and SERGEANT GOODWIN, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Kristen Kay Martin, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Logan Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of her constitutional rights while at the Madison County Jail. In the Complaint, Martin alleges the defendants failed to properly treat an injury to her finger.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In her Complaint, Martin makes the following allegations: While a detainee at the Madison County Jail, Martin suffered a cut to her finger while cleaning the shower (Doc. 1, pp. 7, 8-9). Although she fails to allege in her statement of claim when this injury occurred, accompanying exhibits indicate that the incident occurred on November 4, 2022 (*Id.* at p. 10). Martin alleges the guards laughed at her and failed to put her nearly amputated finger on ice before sending her to the hospital (*Id.* at p. 7). She specifically points to Deputy Butler as an individual who failed to put her finger on ice (*Id.* at p. 1). She alleges this failure caused her to lose the finger entirely due to the nerves not surviving transport to the hospital (*Id.*). She also alleges "they" left her at the hospital and required her to find her own ride back to her home, despite having money in her account at the jail (*Id.* at p. 8). She alleges the ambulance driver told officers Tharp, Miller, Bardelmeir, and Goodwin that she would need money. As a result, Martin had to "panhandle" in order to get back to her home after surgery (*Id.*). She also received clothes at the hospital because she was not provided with any civilian clothes before she was transported to the hospital; she only had her jail clothing and shoes (*Id.*).

## Discussion

Simply put, Martin fails to state a claim. Federal Rule of Civil Procedure 8(a) requires a complaint to set forth "a short and plain statement of [Plaintiff's claim(s)] showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(d) requires "simple, concise, and direct" allegations. FED. R. CIV. P. 8(d)(1). The purpose of these rules is to "give defendants fair notice of the claims against them and the grounds for

supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citation omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A successful complaint generally alleges "the who, what, when, where, and how…" *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Martin's allegations are spread throughout her Complaint. She includes factual allegations under the identification of the parties (Doc. 1, pp. 1-3), the portion of her Complaint explaining her attempts at exhausting her claims (*Id*. at pp. 5-6), and in her statement of the claim (*Id*. at pp. 7-9). Her statement of the claim fails to identify any individual defendant who denied her care or deprived her of a constitutional right (*Id*.). She merely refers to "them" and "they" and notes that they failed to put ice on her finger and failed to provide her transportation, money, or clothing after she left the hospital (*Id*.). This is not enough to state a claim.

Martin also only identifies "Madison County Jail" in the caption of her Complaint and fails to include any other individual in her case caption. The Court does not usually treat parties not listed in the caption as defendants. *See Myles v. United States,* 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party, a defendant must be "specif[ied] in the caption"). And the county jail is not a suable entity under Section 1983. Martin does later list the individual officers as defendants but fails to include any allegations against them specifically in the statement of claim. She must name the individuals who violated her constitutional rights as defendants in the case caption, and she also must describe what each person did to violate her rights in the statement of claim.

Further, Martin was a pretrial detainee at the time her claim arose and thus her claim falls under the Fourteenth Amendment, which prohibits all forms of punishment

3

of a pretrial detainee. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). In order to articulate a claim in this context, a detainee must establish that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was objectively unreasonable. *Miranda v. Cty. of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018). Negligence and gross negligence do not support a claim under the Fourteenth Amendment. *Id.* at 353. Here, Martin alleges only that the guards failed to put ice on her finger, but these allegations suggest mere negligence on the defendants' part. There are no allegations to suggest that they acted purposefully or knowingly. Further, Martin seeks only resentencing for her conviction, on entirely different grounds, which the Court cannot award under Section 1983.[1] Thus, Martin fails to state a claim for her medical care.

Martin is, however, **GRANTED** leave to submit an Amended Complaint. She is reminded that her Amended Complaint should list each defendant in the case caption, indicate each defendant's alleged involvement in her care, and allege how the individual's actions was objectively unreasonable. To aid Martin in submitting an Amended Complaint, the Clerk of Court is **DIRECTED** to send her a Section 1983 Complaint form.

---

[1] Martin alleges that her attorney informed her that she would be eligible for a lighter sentence but that her attorney had a "personal grudge" against her because she previously had a relationship with him (Doc. 1, p. 9). She further alleges that the guards told her "someone" was mad at her because her sentence went from 50% to 85%. In any event, Section 1983 is not a proper vehicle for attacking an individual's sentence. The only way to receive a shorter sentence would be through a writ of habeas corpus, not a Section 1983 civil action.

### Pending Motions

Although Martin has not submitted a motion for assignment of counsel, she filed several letters documenting her attempts to obtain counsel on her own (Docs. 13, 14, 15). To the extent that Martin seeks the assignment of counsel from the Court she needs to file a motion documenting her attempts to obtain counsel and indicating why counsel is necessary in this case. *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). At this stage, the Court finds Martin capable of submitting an Amended Complaint on her own. Thus, to the extent she requests counsel, her request is **DENIED**.

### Disposition

For the reasons stated above, Martin's Complaint is **DISMISSED without prejudice**. She is **GRANTED** leave to file a "First Amended Complaint" on or before **September 29, 2023**. Should she fail to file her First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Martin's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Martin must re-file any exhibits she wishes the Court to

consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Martin is **ADVISED** that she is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in her address; the Court will not independently investigate her whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: September 1, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**